# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| SUNSET CONCEPTS I.P. FIRM, LLC<br><br>　　　　　　　　　*Plaintiff*<br><br>　v.<br><br>DISCOVERY COMMUNICATIONS INC.<br><br>　　　　　　　　　*Defendant* | CASE NO: 1:13-cv-22005-UU<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW** |

　　　　Plaintiff Sunset Concepts I.P. Firm, LLC, by and through its undersigned counsel, hereby files this Response to Defendant's Motion to Dismiss and Incorporated Memorandum of Law and states as follows:

**PRELIMINARY STATEMENT**

　　　　Defendant's Motion to Dismiss ("MTD") misapprehends the applicable legal standard. Discovery neither takes the allegations in the Complaint as true, nor construes the facts in a light most favorable to Sunset Concepts. Rather, Discovery essentially contends that Plaintiff's version of the facts should not be credited and that the Court should draw a number of inferences

1

in its favor and dismiss the case. The Motion to Dismiss reads more like a motion for summary judgment.

First, Defendant alleges that the claims are time-barred. The allegations in the Complaint suggest otherwise. Sunset alleges that it was in talks with Discovery and provided new materials to Discovery – including materials provided at Discovery's request – through the summer of 2008, that the breach of contract occurred sometime thereafter and that the misappropriation has continued through the present day. Not surprisingly, Defendant argues that the only possible breach occurred earlier than that, rendering the breach of contract claim time-barred. This argument must be rejected. Defendant is not entitled to recast the Complaint's allegations in such a self-serving fashion and is, by law, not entitled to have the Court draw such inferences in its favor. As alleged in the Complaint, the breach of contract claim is not time-barred. With respect to the misappropriation claim, Defendant only argues that the claim is time-barred to the extent it rests on pre-June 2009 conduct. The Complaint alleges misappropriation that has continued through the present day and the claim clearly is not time-barred.

Second, Defendant argues that Sunset has no claim for breach of the Confidentiality Agreement ("the Agreement") either because the Agreement has expired or because Defendant had the right to independently develop the ideas and concepts at issue. With respect to expiration, the Agreement neither indicated a set temporal term nor contained a provision contemplating expiration. The Agreement, by its plain language, contemplated an ongoing, prospective relationship between the parties with prospective obligations. With respect to Defendant's argument about its right to independently develop the ideas and concepts at issue, that is simply a denial of Plaintiff's allegation and an argument on the merits. That argument has no bearing on whether or not Plaintiff has sufficiently pled a breach of contract claim.

Finally, Defendant repeatedly urges the Court to dismiss the claims based on its *ipse dixit* assertion that the ideas and concepts at issue are not novel. The weight of authority holds that novelty in the context of a misappropriation case almost always is a fact issue, not suitable for disposition on a motion to dismiss. Defendant all-but cedes this point: Discovery does not proffer any Florida case law supporting dismissal of a misappropriation claim on a motion to dismiss. Instead, its Motion is filled with citations to cases where the court granted summary judgment, usually after extensive discovery. Those cases are inapposite.

In short, Defendant urges the Court to ignore the allegations in the Complaint, the relevant legal standard and the pertinent legal authority. Instead, Defendant asks the Court to accept its version of the facts, resolve all factual questions in its favor, conflate the entirely separate standards for Rule 12(b)(6) and Rule 56 and dismiss the case. Defendant's Motion must be denied.

## **STANDARD**

In ruling on a motion to dismiss under Rule 12(b)(6), courts must accept the factual allegations as true and construe the complaint in a light most favorable to the plaintiff. *See Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir.2005). *See also Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir.2007) ("We have held many times when discussing a Rule 12(b)(6) motion to dismiss that the pleadings are construed broadly, and that the allegations in the complaint are viewed in the light most favorable to the plaintiff.") (internal citations and quotations omitted). A complaint need only allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

### I.	The Claims are Not Time-Barred

A court should not dismiss a claim on statute of limitations grounds unless it is apparent from the facts alleged in the Complaint that the claim is time-barred.  *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004).  *See also Woodburn v. State of Florida Dep't of Children & Family Servs*., 854 F. Supp. 2d 1184, 1198 (S.D. Fla. 2011) (same); *Rigby v. Liles*, 505 So. 2d 598, 601 (Fla. 5th DCA 1987) (dismissal improper unless complaint "conclusively establish[es] that the statute of limitations bars the action as a matter of law").  Defendant cannot meet this standard.

#### A.	The Breach of Contract Claim is Not Time Barred

It is undisputed that a five-year statute of limitations applies to Plaintiff's breach of contract claim.  *See* Fla. Stat. § 95.11(2)(b).  Plaintiff initiated this action on June 4, 2013.  *See* D.E. 1.  Applying the five-year limitations period, any claim for breach of contract that accrued on or after June 4, 2008 is timely.

The core of Plaintiff's breach of contract claim is simple:  Sunset Concepts provided certain materials to Discovery.  Discovery agreed not to use those materials without Plaintiff's permission and without paying Plaintiff compensation.  After Plaintiff provided those materials to Discovery, Discovery used those materials without Plaintiff's permission and without compensating Plaintiff, thereby violating the Agreement.  (Complaint ¶¶ 86-91)

On April 24, 2008, Defendant's then-employee Mary Beth Dale emailed Susan Kasi, the principal of Sunset Concepts, and requested additional information on the Care Free TV concept.

4

(Complaint ¶ 37) Several weeks later, Dale contacted Kasi again and informed her that Discovery had misplaced the Care Free TV proposal. (Id. ¶ 38) Kasi then sent an updated proposal. *Id.* Taking the allegations in the Complaint as true, the Complaint clearly alleges that Plaintiff provided Defendant with various materials *less than five years ago*, and that subsequently, Defendant used those materials in violation of the Agreement.[1] The claim for breach of contract, as alleged in the Complaint, is not time-barred.

      B.   <u>The Misappropriation Claim is Not Time Barred</u>

Under Florida law, a four-year statute of limitations applies to claims for misappropriation of ideas. *See* Fla. Stat. § 95.11(3)(p). Plaintiff alleges that Discovery misappropriated its ideas related to the Care Free TV network between the start of their dealings in late 2006 and the present day. At the very least, to the extent the misappropriation occurred any time after June 4, 2009, as alleged in the Complaint, Plaintiff's claim for misappropriation is timely filed. Defendant does not dispute this.

    **II.**    **The Complaint States a Claim for Breach of Contract**

---

[1] Defendant argues that the five year statute of limitations for Plaintiff's breach of contract claim began running from the January 2008 announcement of the Discovery / Harpo joint venture OWN. (MTD at 9) The Complaint clearly alleges otherwise. Throughout the summer of 2008, some six months after that announcement, Plaintiff continued to provide Discovery with information regarding her Care Free TV proposal, including providing information at Discovery's request. The Complaint does not allege that the mere formation or announcement of the OWN venture breached the Agreement. Rather, Plaintiff alleges that Discovery's use of her ideas as part of that network breached the Agreement. OWN was in development throughout 2008, 2009 and 2010, and did not begin airing programming until January 1, 2011. Discovery used Plaintiff's ideas in violation of the Agreement during that time, a time frame that is plainly encompassed by the statutory period. Beyond this, Plaintiff had no way of knowing what programming OWN would air until it went live on January 1, 2011. (Complaint at ¶ 42)

The Complaint states a claim for breach of contract. Under Florida law, the elements of a breach of contract claim are (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach. *See Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006). Plaintiff has sufficiently alleged each of these elements. Plaintiff alleges that it (1) had a contract with Discovery (2) that Discovery breached the contract by using its ideas related to the Care Free TV concept without compensating Plaintiff and (3) that Plaintiff has been damaged as a result of that breach. (Complaint ¶¶ 86-91) At this stage, Plaintiff has carried its burden. None of the arguments raised in Defendant's Motion to Dismiss justify dismissing the claim.

First, Discovery argues that the breach of contract claim should be dismissed because, under the Agreement, Discovery retained the right to *independently* develop programming similar to the Plaintiff's concepts. Defendant's argument is a non-starter. A central issue in this case is whether or not Discovery stole Plaintiff's ideas, or, developed similar ideas independently. The Complaint clearly alleges the former. In other words, Plaintiff alleges that Defendant used her ideas in violation the Agreement. (Complaint ¶ 90) Taken as true, these allegations state a claim for breach of contract.

Defendant does not suggest that Plaintiff fails to allege the elements of a breach of contract claim. Instead, Defendant suggests that dismissal of the contract claim is proper because it could have developed similar programming ideas on its own. In short, Defendant is simply denying Plaintiff's allegations and proffering its own version of the facts (e.g., it developed the ideas independently). Such an argument is not suitable on a motion to dismiss and can be raised at summary judgment or trial. *See Maguire v. S. Homes of Palm Beach*, 591 F. Supp. 2d 1263, 1270 (S.D. Fla. 2008) (denying motion to dismiss contract claim). Maguire is

6

particularly instructive. In that case, the plaintiff sued a general contractor for breaching a contract by missing a construction deadline. The defendant moved to dismiss the claim, relying on a *force majeure* clause and arguing that no breach had occurred because the delay was caused by events beyond its control. This court rejected that argument, holding that Plaintiff's allegations, when taken as true, sufficiently alleged that the defendant had breached the contract and that the breach was not a product of forces beyond the defendant's control. *Id.* The same principal applies here. Defendant relies on a provision in the contract that indicates Discovery has a right to develop similar ideas and concepts independently, then claims that no breach occurred because it developed the ideas and concepts on its own. The Complaint, however, plainly indicates that Discovery misappropriated those ideas and concepts. The allegations in the Complaint trump Defendant's outright denial and counter narrative. And taken as true, those allegations state a claim for breach of contract.[2]

Second, Defendant argues that the breach of contract claims fails because the Agreement expired one-year after it was entered. Again, this argument strains credulity. The plain language of the Agreement controls. *See Steele v. Kinsey*, 801 So. 2d 297, 300 (Fla. 2d DCA 2001). The Agreement does not contain a standard term provision, indicating that the Agreement, as a whole, is in place only for a set number of months or years. Likewise, the Agreement makes no mention of an expiration date. Rather, the contract provides that Discovery "agrees to keep all the Confidential Information in strict confidence for a period of one (1) year from the date of receipt . . ." Complaint Ex. A at 1. This is neither a term nor an expiration date. Instead, this language contemplates an ongoing, prospective relationship with prospective obligations. When

---

[2] Tellingly, the lone case cited by Defendant in support of this argument is inapposite, as it involves a grant of summary judgment, not dismissal. *See Myerburg v. Medtronic, Inc.*, 2004 WL 5622263 (S.D. Fla. Sept. 28, 2004) (granting summary judgment for lack of novelty in an action under FUTSA).

Plaintiff provided Defendant with further materials in the summer of 2008, Defendant remained under an obligation to keep those materials confidential. (Complaint ¶¶ 37-39).

Plaintiff's breach of contract claim, however, is not built on alleged disclosure in violation of the Agreement. Plaintiff's contract claim is based on Defendant's use of Sunset Concepts' materials without permission and without paying compensation. The Complaint sufficiently alleges all the elements of a breach of contract claim based on this conduct and Defendant's Motion to Dismiss must be denied.

### III.     The Complaint States a Claim for Misappropriation of Ideas.

Under Florida law, the elements of a claim for misappropriation of an idea are (1) the idea must be novel; (2) the disclosure of the idea must be made in confidence; and (3) the idea must have been adopted and used by the defendant. Here, the Complaint alleges each of these elements. Plaintiff alleges that it had a novel concept (i.e. Care Free TV and specific programming), that it disclosed that idea to Defendant in confidence and that Defendant adopted and used those ideas. (Complaint¶¶ 103-107)

Defendant's attack on the misappropriation claim focuses principally on the novelty element. Plaintiff both alleges that the ideas presented to Defendant were novel and provides numerous examples of the allegedly novel concepts, ranging from thematic concepts to ideas for specific programming. Plaintiff alleges that the overall concept, which utilized experiential and therapeutic programming and emphasized things like guided imagery and meditation, was a novel concept for a television network. Complaint 48-51; 79-80. Oprah Winfrey has described OWN as, "A new kind of television. . ." *Id* at 49. If Defendant and others involved with OWN can market the network to the public as a new, groundbreaking kind of television network, then it

8

strains credulity for Defendant to represent to the Court that Plaintiff's very similar concepts are old news.

Beyond the theme, Sunset alleges that OWN misappropriated numerous specific programming ideas, many of which found their way into the Emmy-winning Super Soul Sunday. These ideas include Sunset's concepts for:

- A show called Daydreams
- A show called Cloud Scapes
- A show called Pet Time
- A show called My Favorite Things
- A short segment called Good News Breaks
- A short segment called Dance Breaks
- A show called Birds Eye
- A show called My Hometown
- Programming that broadcast group meditation

The Complaint details all of this in more than 35 paragraphs of allegations regarding the specific, novel concepts that Defendant allegedly misappropriated. (Complaint ¶¶ 47-83)

Sunset has provided sufficient factual allegations and sufficient detail to carry its burden at the pleading stage and state a claim for misappropriation. Defendant's two-page, rote recitation of the standard *Twombly* and *Iqbal* arguments is glaringly inconsistent with the rest of its papers. If the Complaint failed to state a claim for misappropriation, Defendant would cite cases involving similar circumstances where misappropriation claims were dismissed under Rule 12(b)(6). Defendant has not done that. Rather, Defendant cites numerous cases where a court

granted summary judgment on a misappropriation claim for lack of novelty after full discovery. *See* MTD at 17; *Murray v. Nat'l Broad. Co., Inc.*, 671 F. Supp. 236, 237 (S.D.N.Y. 1987) aff'd, 844 F.2d 988 (2d Cir. 1988) (affirming grant of summary judgment after discovery); *McGhan v. Ebersol*, 608 F. Supp. 277 (S.D.N.Y. 1985) (granting summary judgment after discovery); Oasis Music, Inc. v. 900 U.S.A., Inc., 614 N.Y.S.2d 878, 883 (N.Y. Sup. Ct. 1994) (same); Downey v. Gen. Foods Corp., 31 N.Y.2d 56, 286 N.E.2d 257 (1972) (affirming grant of summary judgment after extensive discovery). Certain cases Defendant cites are so inapposite, and cited in such a peculiar manner as to warrant further mention.

Defendant cites *Nadel*, 208 F. 3d at 378, for the proposition that "dismissal is proper" where an idea is unoriginal and lacking in novelty. (MTD at 17) That case says nothing of the sort. Rather, *Nadel*, in relevant part, reversed the trial court's grant of summary judgment on a misappropriation claim and remanded the case for further proceedings on the question of novelty. In doing so, the Second Circuit noted: "[I]nsofar as the district court found that Nadel's idea lacked originality and novelty generally because similar toys were commercially available prior to October 1996, we believe that there remains a genuine issue of material fact on this point." Id. at 380. A fair reading of *Nadel* suggests that Plaintiff's claims should be resolved at summary judgment or trial, and certainly not on a motion to dismiss.

Defendant cites only one case that actually involves dismissal of a misappropriation claim for lack of novelty. *See Marraccini v. Bertelsmann Music Grp. Inc.*, 221 A.D.2d 95, 98, 644 N.Y.S.2d 875 (1996). This case is entitled to little weight here. Misappropriation claims are highly fact-specific and *Marraccini* has its own distinct set of facts. Further, in this case, the decision of an intermediate appellate New York state court is neither controlling nor particularly persuasive.

At the same time, Defendant ignores the weight of Florida authority, which suggests that Plaintiff has adequately pled a claim for misappropriation of ideas.  *See, e.g., CareerFairs.com v. United Bus. Media LLC*, 838 F. Supp. 2d 1316, 1318 (S.D. Fla. 2011) (denying motion to dismiss misappropriation claim based on idea for a virtual college career fair with online interviews).  As the defendant did in *CareerFairs.com*, Discovery is ignoring the well-pled allegations of the Complaint and urging the Court to resolve a number of factual issues, including the determination of novelty, on a motion to dismiss.  *Id. at 1320.*  "This is contrary to the standard of review at the motion to dismiss stage."  *Id.  See also All Pro Sports Camp, Inc. v. Walt Disney Co.*, 727 So. 2d 363, 365 (Fla. 5th DCA 1999) (question of whether concept for a multisport theme park was novel was "a question of fact improperly determined on a motion to dismiss").  *Cf.  Garrido v. Burger King Corp.*, 558 So. 2d 79, 84 (Fla. 3d DCA 1990) (remanding case for further factual findings on novelty at summary judgment stage).

To the extent Defendant's argument for dismissal of the misappropriation claim implicates other factual issues related to the parties' dealings, the alleged confidentiality of the ideas at issue, or the parties' respective legal obligations under the Agreement, the motion must be denied.  *See CareerFairs.com*, 838 F. Supp 2d at 1320 (denying motion to dismiss misappropriation claim where defendant's argument hinged on a number of disputed factual issues "ranging from the parties' conflicting interpretations of the Defendants' respective legal obligations and knowledge of the confidential nature of the Plaintiff's business plan . . . to the determination of novelty of a business idea").

### IV. The Complaint States a Claim for Breach of the Duty of Good Faith and Fair Dealing

Under Florida law, every contract contains an implied duty of good faith and fair dealing. *See Barnes v. Burger King Corp.*, 932 F.Supp. 1420, 1437-38 (S.D.Fla.1996). The purpose of that duty is to protect "the reasonable expectations of the contracting parties in light of their express agreement." *Id*. at 1438.

When a plaintiff alleges a claim for breach of the duty of good faith, that claim must relate to the performance of an express term of the contract. *See Cibran Enterprises, Inc. v. BP Products N. Am., Inc*., 365 F. Supp. 2d 1241, 1257 (S.D. Fla. 2005). Here, Plaintiff has identified that term as the provision of the Agreement that requires Discovery to compensate Plaintiff for using its ideas. (Complaint ¶ 98) Next, a plaintiff must allege that the defendant has failed to perform that duty in good faith. Here, Plaintiff has alleged that Defendant is using its programming concepts, but has slightly altered those concepts in an effort to avoid a contractual obligation to pay Sunset for use of those concepts. This states a claim for breach of the duty of good faith and fair dealing.

Further, Florida courts have recognized that a court may look to the duty of good faith and fair dealing to resolve a contractual ambiguity. *See Hosp. Corp. of Am. v. Florida Med. Ctr*., 710 So.2d 573, 575 (Fla. 4th DCA 1998). The Agreement provides that Discovery would pay Plaintiff for use of its materials. To the extent there is any ambiguity in the Agreement that would deprive Plaintiff of the right to compensation for Discovery's use of its materials, the Court should construe the contract with reference to the duty of good faith. In such an instance, the Complaint can plausibly be read as alleging that Defendant has engaged in conduct that breaches that duty.

12

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied.

Date: July 29, 2013                                    Respectfully submitted,

                                                       By: s/ Jonathan Pollard____

                                                       Jonathan E. Pollard
                                                       Florida Bar No. 83613
                                                       jpollard@pollardllc.com
                                                       401 E. Las Olas Blvd. #1400
                                                       Fort Lauderdale, FL 33301
                                                       Telephone: 954-332-2380
                                                       Facsimile: 866-594-5731

                                                       Attorney for Plaintiff
                                                       Sunset Concepts I.P. Firm, LLC


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be electronically filed on July 29, 2013.  All registered counsel are to receive notice of the filing via the Court's electronic case filing system

                                                       By: s/ *Jonathan Pollard*_____