UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 1:13-CV-22005-UU

SUNSET CONCEPTS I.P. FIRM, LLC,

    *Plaintiff*,

v.

DISCOVERY COMMUNICATIONS, INC.,

    *Defendant.*

**DEFENDANT DISCOVERY COMMUNICATIONS, INC.'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

**CARLTON FIELDS, P.A.**
Charles M. Rosenberg
  Florida Bar No. 279064
  crosenberg@carltonfields.com
Naomi M. Berry
  Florida Bar No. 0069916
  nberry@carltonfields.com
100 S.E. Second Street, Suite 4200
Miami, FL  33131
Tel.: (305) 530-0050
Fax: (305) 530-0055

**DAVIS WRIGHT TREMAINE LLP**
Laura R. Handman (*pro hac vice*)
  laurahandman@dwt.com
Constance M. Pendleton (*pro hac vice*)
  conniependleton@dwt.com
Lisa B. Zycherman (*pro hac vice*)
  lisazycherman@dwt.com
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC  20006
Tel.: (202) 973-4200
Fax: (202) 973-4499

*Counsel for Defendant Discovery Communications, Inc.*

Defendant Discovery Communications, Inc. ("Discovery"), pursuant to Fed. R. Civ. P. 12(b)(6) submits this reply brief in further support of its Motion to Dismiss the Complaint [D.E. 13] filed by Sunset Concepts I.P. Firm, LLC, and its principal, Susan Kasi (collectively "Sunset" or "Plaintiff").

## I.   PRELIMINARY STATEMENT

Disappointed that Discovery, like other networks before it, turned down Sunset's unsolicited proposal for a "Care Free TV" network and its "positive" and "uplifting" programming, after Kasi's efforts to gain an audience with Discovery, Plaintiff now attempts to take credit, years later, for the creation of not only the Oprah Winfrey Network's ("OWN") programming, but also for no less than the OWN network itself.  (Compl. [D.E. 1] ¶¶ 14-15, 26-27, 40-41, 48-49).  But Plaintiff cannot save its stale and fatally defective theft of ideas claims.

Making several concessions in its Response regarding the timeline of its action, Plaintiff – by its own admissions – has narrowed its claims substantially.  Plaintiff has quickly withdrawn its most grandiose of claims, conceding – as it must – that Sunset's claims against Discovery for creation of the OWN network are time-barred.  (Pl.'s Resp. to Def.'s Mot. to Dismiss [D.E. 17] ("Resp.") 5 n.1).  And, indeed, no claim with regard to the creation of the network can stand.

Plaintiff also concedes that any breach of contract claim accrued before June 4, 2008 is time-barred, thus disposing of any contract claim based on Plaintiff's programming ideas, all submitted, by Plaintiff's own account, before June 2008, including after launch of OWN and announcement of its Oprah-curated, "live your best life" fare.  But, even if not time barred, the Complaint fails to state a claim for breach of contract because the parties' Confidentiality Agreement expressly limits the term of the agreement to one year and does not, as Plaintiff suggests, create an agreement in perpetuity.  No breach of contract claim can exist for any programming after the Confidentiality Agreement expired in December 2007.

Finally, Plaintiff fails to address any of Discovery's arguments establishing that Sunset has not – and cannot – plausibly plead that its ideas, inspired by Oprah's pre-existing media, are novel. Far from "unique," Sunset's concepts for "transformative, experiential and therapeutic television programming" and "short segments and vignettes" are patently generic. (Compl. ¶¶ 9, 36). Apparently lost on Plaintiff is the irony of suing Discovery over OWN, when Plaintiff admits that its concepts are premised on Winfrey's brand and content, even claiming credit for "Breathing Space" and "My Favorite Things" – staples of Winfrey's content for years (Compl. ¶¶ 58-59, 66, 68). Instead, Plaintiff unfairly chastises Discovery for not supplying any federal cases supporting dismissal on this basis (Resp. 9). Discovery did. (*See* Def.'s Mot. to Dismiss Compl. ("Mot.") 11 n.3). Contrary to Plaintiff's mischaracterization of both the law and Discovery's brief, dismissal is absolutely appropriate and has been granted in misappropriation cases such as this where the ideas at issue on their face lack novelty. For the reasons set forth below, the Court should dismiss the Complaint in its entirety with prejudice.

## II.   ARGUMENT

### A.   Plaintiff Fails to State a Claim for Misappropriation of Ideas

Plaintiff argues in essence that misappropriation of ideas cases are *per se* immune to dismissal because they involve factual issues that cannot be resolved at the pleading stage. This assertion is flatly contradicted by the cases Discovery cites in its motion – which Plaintiff wholly ignores – illustrating that courts regularly dismiss theft-of-ideas claims on pre-discovery motions to dismiss, particularly where, as here, the ideas are patently unoriginal. (*See* Mot. 11 n.3).

For example, Plaintiff glosses over Discovery's reference to *Broughel v. Battery Conservancy*, 2010 WL 1028171, at *4 (S.D.N.Y. Mar. 16, 2010). In that theft-of-ideas case, the trial court denied the plaintiff's request to amend the complaint because, based on the face of the complaint, the misappropriation of ideas claim would not have survived a motion to dismiss

2

because the plaintiff could not sufficiently allege novelty.  *Vent v. Mars Snackfood US, LLC*, 611 F. Supp. 2d 333, 339 (S.D.N.Y.), *aff'd*, 350 F. App'x 533 (2d Cir. 2009), is also on point.  There, the trial court, applying New Jersey law, granted a snack food company's motion to dismiss a theft-of-ideas case and denied discovery on the issue of novelty.  *Id.* at 340-41.  The court found that an entertainment broker's trite idea for DVD cross-promotion between television series characters and the snack food company's animated candy characters was not novel and did not contain any aspects that set it apart from the company's already-extant DVD cross-promotion featuring animated candy and movie characters.  *Id.* at 339-41.  In sum, the court dismissed the complaint on its face for lack of novelty because the idea at issue involved "minimum creativity."  *Id*. at 339.  Much like Sunset's attempt to graft Oprah Winfrey's established brand to its pitch, the plaintiff in *Vent* merely took an existing basic theme and substituted her own product without adding unique or creative elements.  *Id*.

Plaintiff's reliance on *CareerFairs.com v. United Bus. Media LLC*, 838 F. Supp. 2d 1316 (S.D. Fla. 2011), is misplaced.  The Court in *CareerFairs.com* held that the plaintiff had raised several factual issues – including the parties' varied contractual obligations, whether all defendants were subject to confidentiality provisions, the existence of trade secrets, and novelty – which all precluded pre-discovery dismissal.  *Id*. at 1320.  Although Plaintiff asserts that, "[t]o the extent Defendant's argument for dismissal of the misappropriation claim implicates other factual issues . . . the motion must be denied," Plaintiff points to no other factual issues requiring discovery or precluding dismissal at this stage.  (Resp. 11).  Plaintiff's claims are thus distinguishable from those in *CareerFairs.com* because Sunset's ideas are, on their face, generic and admittedly premised on pre-existing Winfrey works.  They lack novelty as a matter of law.

3

Plaintiff's critique of *Nadel v. Play-By-Play Toys & Novelties*, 208 F.3d 368 (2d Cir. 2000), also misses this point. Although *Nadel* involved a post-discovery summary judgment motion, the court's analysis emphasized that dismissal is proper where an idea on its face is "so unoriginal or lacking in novelty that its obviousness bespeaks widespread and public knowledge of the idea." *Id*. at 378. The court held that, "[i]n such cases, a court may conclude, *as a matter of law*, that the idea lacks both the originality necessary to support a misappropriation claim and the novelty to the buyer necessary to support a contract claim." *Id.* at 378-79 (emphasis added) (citing *Soule v. Bon Ami Co.*, 195 N.Y.S. 574, 575-76 (2d Dep't 1922) ("No person can by contract monopolize an idea that is common and general to the whole world."), *aff'd on other grounds*, 139 N.E. 754 (N.Y. 1923); *Ed Graham Prods., Inc. v. Nat'l Broad. Co.*, 347 N.Y.S.2d 766, 769 (N.Y. Sup. Ct. 1973) ("[W]here plaintiff's idea is *wholly lacking in novelty*, no cause of action in contract or tort can stand . . . .") (emphasis added by *Nadel* court); *Educ. Sales Programs, Inc. v. Dreyfus Corp.*, 317 N.Y.S.2d 840, 843-44 (N.Y. Sup. Ct. 1970) ("Nothing is bestowed if the facts of a 'secret' imparted in confidence are already the subject of general knowledge.")). *See also Myerburg v. Medtronic, Inc.*, 2004 WL 5622263, at *7 (S.D. Fla. Sept. 28, 2004) (noting that, "'if the idea revealed turns out to be one already within the public domain then it cannot constitute a protectable property right, which can be misappropriated or contracted for'" (quoting *Garrido v. Burger King Corp.*, 558 So. 2d 79, 84 (Fla. Dist. Ct. App. 1990); *Marraccini v. Bertelsmann Music Grp., Inc.*, 221 A.D.2d 95, 98 (N.Y. App. Div. 1996) (affirming dismissal for lack of novelty). Here, Sunset's ideas for television programming focusing on positive messaging, therapeutic ideas, spiritual topics, and claiming exclusive ownership for ideas as nebulous as "clouds" and as generic as "good news" are – on their face – "so unoriginal" that dismissal is warranted.

In any event, Plaintiff's misappropriation claim, as pled, cannot apply to creation of the network itself. Plaintiff, admittedly, "provided information regarding the Care Free TV concept to Discovery," even after Plaintiff knew about the creation of the OWN network, "solely for the purpose of Discovery evaluating those concepts for use in connection with the Oprah Winfrey Network." (Compl. ¶ 104). Indeed, Plaintiff now disavows any claim based on the "mere formation" of the network. (Resp. 5 n.1).

Furthermore, while Plaintiff makes conclusory allegations that the alleged misappropriation has continued to the present day (Resp. 5), the Complaint fails to allege a single air date, past or present, for any of the OWN programs Plaintiff claims were premised on its ideas. Nor, for that matter, does Plaintiff attach its proposal – an omission that speaks volumes. Defendant does not, as Plaintiff suggests, "ignore the allegations in the Complaint" (Resp. 3). The Complaint simply fails to allege critical facts to establish a plausible misappropriation claim. *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012) (pleading standard "necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim"), *cert. denied*, 133 S. Ct. 856 (2013); *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) ("Factual allegations that are 'merely consistent with a defendant's liability" fall short of being facially plausible.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's claims should be dismissed with prejudice for failure to state a claim; more precise pleading will not cure the fatal lack of novelty here.

### B. Plaintiff's Remaining Claims Should Be Dismissed

#### 1. Plaintiff's Breach Of Contract And Breach Of Implied Duty Of Good Faith And Fair Dealing Claims Are Time-Barred

Assuming Florida's five-year statute of limitations applies to Plaintiff's breach of

5

contract claim,[1] Plaintiff posits that, to be timely, the claim must have accrued on or after June 4, 2008. (Resp. 4). Even accepting Plaintiff's version of events – that Susan Kasi allegedly sent Susan Campbell an updated proposal "several weeks" after April 24, 2008 – Sunset's breach of contract action is out of time. (*Id*. 4-5). Despite the Complaint's vagueness, the breach of contract claim cannot evade a five-year statute of limitations, and certainly falls outside Maryland's three-year statute of limitations.

The statute of limitations on Plaintiff's breach of contract claim began running from the January 2008 public announcement of Discovery and Harpo's joint venture to launch OWN. (Mot. 9). Plaintiff concedes, as it must, that it "does not allege that the mere formation or announcement of the OWN venture breached the Agreement." (Resp. 5 n.1). Indeed, any claim based on formation of the network under Plaintiff's analysis is out of time, occurring as it did before June 4, 2008 (for breach of contract or implied covenant under Florida law) and June 4, 2009 (for misappropriation of ideas under Florida law). (*Id*. 4-5). While, under Florida's statute of limitations, it is irrelevant whether Plaintiff knew it had a claim, *Abecassis v. Eugene M. Cummings, P.C.*, 467 F. App'x 809, 812 (11th Cir. 2012), by January 2008, Sunset was aware that Discovery was developing a network with Winfrey, which would be populated with programming reflecting her brand, "empowering viewers . . . to live their best lives."[2] (Compl. ¶¶ 33-34). In light of the parties' purported "intent to consider, review and evaluate a possible

---

[1] Plaintiff's claim that, "[i]it is ***undisputed***" that Florida's five-year statute of limitations applies to Plaintiff's breach of contract claim, mischaracterizes Discovery's motion. (Resp. 4) (emphasis added). While Plaintiff's breach of contract claim is time-barred under either Florida's five-year statute of limitations or Maryland's three-year statute of limitations (Mot. 8), it is for the Court to determine, under Florida's choice-of-law rules, which statute of limitations applies here. *Rando v. GEICO*, 556 F.3d 1173, 1176 (11th Cir. 2009).

[2] Press Release, "Oprah Winfrey and Discovery Communications to form New Joint Venture: OWN: The Oprah Winfrey Network" (Jan. 15, 2008), http://www.oprah.com/pressroom/Oprah-and-Discovery-Communications-Announce-OWN-The-Oprah-W.

agreement between Discovery and [Sunset] for the development of a television network," for which Sunset shared "ideas, treatments, [and] stories," Plaintiff was on notice of the possibility of a breach – had there been one, and there was not – when Discovery publicly announced the creation of OWN.  (Compl. Ex. A).

Finally, Plaintiff fails to address that its breach of implied covenant and breach of contract claims bear the same limitations period, thus conceding that. if Sunset's breach of contract claim is time-barred, so too is its implied covenant claim.  (*See* Mot. 9) (citing *Brown v. Nationscredit Fin. Serv. Corp.*, 32 So. 3d 661, 662 n.1 (Fla. Dist. Ct. App. 2010)).  Of course, should the Court apply Maryland's shorter three-year limitations period to the breach of contract claim, by Plaintiff's own analysis, there is no question that both claims are time-barred.

### 2. Even If Not Time-Barred, Plaintiff Still Fails To State A Claim For Breach Of Contract

Even if the breach of contract and fair dealing claims were not otherwise time-barred, they are premised on the untenable notion that the parties' Confidentiality Agreement, executed December 11, 2006, lasts in perpetuity and has no expiration.  (Resp. 7-8).  Plaintiff's claim that the Confidentiality Agreement "does not contain a standard term provision" and "makes no mention of an expiration date" (*id*. 7) is belied by the express language of the contract which twice stipulates that the Confidentiality Agreement would terminate one year after Sunset transmitted its pitch materials.  (*See* Compl. Ex. A ("Discovery agrees to keep all the Confidential Information in strict confidence for a period of one (1) year from the date of receipt . . . .") ("The obligation of non-disclosure shall terminate when and if . . . a period of twelve (12) months passes from the disclosure . . . .")).  Here, there is no practical distinction, as Plaintiff claims, between a contract claim "built on alleged disclosure in violation of the Agreement" and one "based on Defendant's use of Sunset Concepts' materials without

7

permission and without paying compensation." (Resp. 8). Had Discovery used Plaintiff's ideas in a television program, that would have been a disclosure. But, Discovery neither used nor disclosed any concepts exclusively owned by Sunset, and Plaintiff cannot plausibly plead Discovery did either within – or beyond – the one year time limit. (*See supra* at 5-7).

Taken to its logical conclusion, Plaintiff's theory of an "ongoing, prospective relationship with prospective obligations" (Resp. 7) would have the Agreement extend, without limitation, in perpetuity – an interpretation that violates the long standing principle that perpetual contracts are disfavored under the law. *See, e.g.*, *S. Bell Tel. & Tel. Co. v. Fla. E. Coast Ry. Co.*, 399 F.2d 854 (5th Cir. 1968); *Freeport Sulphur Co. v. Aetna Life Ins. Co.*, 206 F.2d 5 (5th Cir. 1953); *Collins v. Pic-Town Water Works, Inc.*, 166 So. 2d 760 (Fla. Dist. Ct. App. 1964); *Fla.-Ga. Chem. Co. v. Nat'l Labs., Inc.*, 153 So. 2d 752 (Fla. Dist. Ct. App. 1963). Plaintiff's interpretation would bar Discovery from *ever* creating programs involving "vignettes," "short segments," "positive" programming, or anything remotely resembling Plaintiff's ideas, despite the fact that those concepts are so prevalent and patently generic. Plaintiff could also trigger the obligations of the Agreement any time it sent, unsolicited, its ideas to Discovery no matter how much time had passed from the creation of the 2006 Agreement. Plaintiff points to no supporting language in the Agreement – nor can it – because its interpretation is contradicted by the plain and express terms of the Agreement, which cannot be ignored to save Sunset's claims.

Because the Confidentiality Agreement, by its terms, expired in December 2007, one year after Kasi transmitted Sunset's pitch materials, the only time period in which Plaintiff could allege a breach of its contract is for a breach between December 2006 and December 2007. Yet Plaintiff already concedes, as it must, that any breach during this period would be time-barred (Resp. 4) and it is not alleging that "the mere formation or announcement of the OWN venture,"

which may have occurred between December 2006 and December 2007, "breached the Agreement." (Resp. 5 n.1). Any alleged use of Plaintiff's ideas once the network began airing programming on January 1, 2011 falls outside the terms of the contract. (Compl. ¶ 42). Accordingly, Plaintiff has not plausibly pled a breach of contract claim; Sunset can only look to its separate misappropriation claim, which, as discussed, fails to state a claim. (Mot. 15-20).

But, even accepting Plaintiff's theory of breach as true, Sunset has not met its pleading requirements. Plaintiff now hangs its breach of contract claim entirely on Kasi's second transmittal of "updated" pitch materials to Susan Campbell in spring 2008, but fails to state which ideas were contained in the 2006 proposal, and which, if any, were contained in the 2008 "updated proposal." (Compl. ¶ 38). Even if that transmittal was not barred by a three- or five-year statute of limitations (it was), and even if that transmittal was covered by the terms of the parties' 2006 Agreement (it was not),[3] Plaintiff still has not sufficiently or plausibly alleged that Discovery used the ideas contained in Kasi's second transmittal in the development of OWN programming without compensating Plaintiff.

Plaintiff's reliance on the mere "recitation of the elements of a cause of action" is insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Plaintiff fails to state a claim for breach of contract and, consequently, its claim should be dismissed.

### 3. Plaintiff Also Fails To State A Claim For Breach Of Implied Covenant Of Good Faith And Fair Dealing

Plaintiff does not dispute that where, as here, there is no breach of contract, there can be no breach of the implied covenant. (Mot. 14). Instead, Plaintiff raises the specter of ambiguity, offering the self-serving circular argument that Sunset's breach of implied covenant claim should

---

[3] Plaintiff could have sought to execute a new Confidentiality Agreement to cover the updated pitch, but Plaintiff has not alleged that it did.

9

survive dismissal if "there is any ambiguity in the Agreement that would deprive Plaintiff of the right to compensation for Discovery's use of its materials." (Resp. 12).  Neither the Complaint nor the Response points to any ambiguity in the Confidentiality Agreement.  Indeed, Plaintiff argues the opposite – that the Confidentiality Agreement is unambiguous in that it has no term or expiration date, but, instead, extends into perpetuity.  Plaintiff cannot have it both ways.  More importantly, Plaintiff's unfounded charges that Discovery "altered" Plaintiff's concepts to avoid its contractual obligations is not plausible on its face where Plaintiff has not and could not plausibly plead Discovery used any idea owned by Plaintiff where those ideas are either already Winfrey's or their "obviousness bespeaks widespread and public knowledge." *Nadel*, 208 F.3d at 378.  Thus, dismissal of Plaintiff's duplicative breach of implied covenant claim is warranted.

## III.   CONCLUSION

For the foregoing reasons, Discovery respectfully requests that this Court enter an Order granting Defendant Discovery Communications, Inc.'s motion and dismissing this case in its entirety, with prejudice, for failure to state any claim upon which relief may be granted.

Dated:  August 8, 2013

Respectfully submitted,

**CARLTON FIELDS, P.A.**

*/s/ Charles M. Rosenberg*
Charles M. Rosenberg
  Florida Bar No. 279064
  crosenberg@carltonfields.com
Naomi M. Berry
  Florida Bar No. 0069916
  nberry@carltonfields.com
100 S.E. Second Street, Suite 4200
Miami, FL  33131
Tel.: (305) 530-0050
Fax: (305) 530-0055

**DAVIS WRIGHT TREMAINE LLP**

/s/ *Laura R. Handman*
Laura R. Handman (*pro hac vice*)
  laurahandman@dwt.com
Constance M. Pendleton (*pro hac vice*)
  conniependleton@dwt.com
Lisa B. Zycherman (*pro hac vice*)
  lisazycherman@dwt.com
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC  20006
Tel.: (202) 973-4200
Fax: (202) 973-4499

*Counsel for Defendant Discovery Communications, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of August 2013, true and correct copies of the foregoing Defendant Discovery Communications Inc.'s Reply Memorandum in Support of Its Motion to Dismiss Complaint were served via ECF upon all counsel of record.

*/s/ Charles M. Rosenberg*