UNITED STATES DISTRICT COURT<br>
SOUTHERN DISTRICT OF FLORIDA<br>
Case No.: 1:13-cv-22005-UU

SUNSET CONCEPTS FIRM, LLC,

    Plaintiff,

v.

DISCOVERY COMMUNICATIONS INC.,
    Defendants.
_____/

### ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant's Motion to Dismiss. D.E. 13. The Motion is fully briefed and ripe for disposition.

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises. Having carefully the parties' contentions, the Court will deny the Motion as directed to Counts I and III. In sum, Plaintiff attaches as an exhibit to the Complaint a Confidentiality Agreement that provides in pertinent part: "Discovery [Defendant] will not use any of Company's [Plaintiff's] Confidential Information without the prior written consent and the payment of compensation to Company, the latter of which shall be negotiated by separate agreement." Plaintiff further alleges that she and her agent "pitched" specific programming concepts, which Plaintiff contends were novel and creative, to Defendant pursuant to the terms of the "Confidentiality Agreement" beginning in 2006 and continuing until after June 4, 2008, and that some of those specific programming concepts have been utilized by the Defendant since January 1, 2011 without Plaintiff's consent and without Defendant compensating it. While the Court concurs with Defendant that in some respects the descriptions

of the programming concepts are vague and general, the Complaint contains sufficient factual content with respect to the terms of the contract, the programming concepts that she alleges were misappropriated and the timeliness of her breach of contract claim to satisfy the requirements of Rule 8(a) for the purposes of pleading breach of contract (Count I) and misappropriation of ideas (Count III). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court agrees with Defendant, however, that Count II, for breach of the covenant of good faith and fair dealing should be dismissed.  Florida does not recognize an independent claim for breach of the covenant of good faith and fair dealing.  *See, e.g.*, *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d, 1285, 1291 (11th Cir. 2001); *Barnes v. Burger King Corp.*, 932 F.Supp. 1420, 1437-38 (S.D. Fla. 1996).  And a conflict-of-laws determination is rendered unnecessary because Maryland does not recognize such a cause of action, either.  *See, e.g.*, *Tillery v. Borden*, No. 07-1092, 2010 WL 3517015, at *10 (D. Md. Sept. 3, 2010) (citing *Mount Vernon Props. v. Branch Banking & Trust Co.*, 907 A.2d 373, 375, 381-82 (Md. Ct. Spec. App. 2006)).  Accordingly, is hereby

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss, D.E. 13, is GRANTED IN PART and DENIED IN PART.  It is and GRANTED as to Count II (without leave to amend).  It is DENIED as to Counts I and III.  It is further

ORDERED AND ADJUDGED that Defendant SHALL file its Answer to Counts I and III by August 27, 2013.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of August, 2013.

*Ursula Ungaro*

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided to: Counsel of Record